UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH ALAN ROGERO,

       Plaintiff,

v.                               CASE NO. 3:16-cv-1390-J-34JBT

UNITED STATES,

       Defendant.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Plaintiff's Applications to Proceed in District Court Without Prepaying Fees or Costs, which the Court construes as Motions for Leave to Proceed *In Forma Pauperis* ("IFP Motions") (Docs. 3 & 7). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that the Motions be **DENIED** and the case be **DISMISSED without prejudice**.

### I.    Background

On November 3, 2016, Plaintiff filed the first IFP Motion along with what the Court construed to be a Complaint (Doc. 1), even though it did not even remotely

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

resemble one.  The Court took the first IFP Motion under advisement and directed

Plaintiff to file an amended complaint that cured the deficiencies addressed in that

Order.  (Doc. 5.)  Regarding Plaintiff's initial Complaint, the Court stated in part:

> Plaintiff's Complaint, which is merely a copy of the Instructions for Completing the Civil Cover Sheet with handwritten answers next to the instructions, does not comply with any of [the applicable] Rules.  The Complaint does not contain Plaintiff's address, a caption, any claims for relief, or any factual matter that could possibly be construed to support a claim for relief, or a basis for jurisdiction.   In the Complaint, Plaintiff provides the following conclusory information: his name; that the claim arose in Putnam County, Florida; that he demands relief in the form of $800,000,000; and that he is proceeding under 28 U.S.C. § 1332 and 17 U.S.C. § 1330.  (Doc. 1 at 1–3.)   The only other factual information Plaintiff provides is in his Affidavit of Indigency (Doc. 2), where Plaintiff describes the nature of the action as follows: "Driving under the influence and driving against my commercial driving license."  (*Id.* at 1.)  This information is insufficient to state a claim upon which relief may be granted.

(Doc. 5 at 4–5.)  On January 4, 2017, Plaintiff filed an Amended Complaint (Doc.

6), along with a second IFP Motion (Doc. 7).  However, as explained further herein,

the undersigned recommends that the Amended Complaint suffers from the same

defects as the initial Complaint.

## II.    Standard

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may allow a plaintiff to

proceed without prepayment of fees or costs where the plaintiff has demonstrated

through the filing of an affidavit that he is "unable to pay such fees or give security

therefor."  28 U.S.C. § 1915(a)(1).  Even assuming that the IFP Motions sufficiently

demonstrate that Plaintiff meets the financial criteria and is therefore entitled to proceed *in forma pauperis*, when such a motion is filed, the Court is also obligated to review the case pursuant to 28 U.S.C. § 1915(e)(2) and to dismiss the case if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).  The Court must also dismiss *sua sponte* an action if, at any time, it determines that it lacks subject matter jurisdiction.  Fed. R. Civ. P. 12(h)(3).

To avoid a dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not do.  *Id.*  A complaint must "'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'"  *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. 1981)).

A complaint must contain a short and plain statement of the claim showing that a plaintiff is entitled to relief, which means that Plaintiff must include a short and plain statement of facts in support of his claims.  *See* Fed. R. Civ. P. 8(a).  "Each allegation must be simple, concise, and direct."  Fed. R. Civ. P. 8(d)(1).  In addition, "[a] party must state its claims or defenses in numbered paragraphs, each

limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "If doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." *Id.*  A complaint must also include a demand for the relief that Plaintiff hopes to obtain at the end of the litigation, and a statement of the grounds for the Court's jurisdiction.  Fed. R. Civ. P. 8(a).

While pleadings submitted by a pro se plaintiff "are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed," *Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), "[a] [pro se] complaint that fails to articulate claims with sufficient clarity to allow the defendant to frame a responsive pleading constitutes a 'shotgun pleading' . . . prohibited by Rule 8(a)(2)." *Lampkin-Asam v. Volusia Cty. Sch. Bd.*, 261 F. App'x 274, 277 (11th Cir. 2008).  As such, even pro se complaints that are "disjointed, repetitive, disorganized and barely comprehensible" may be dismissed. *Id.* at 276.

## III.    Analysis

Plaintiff's Amended Complaint does not meet the above requirements and is otherwise deficient.  First, the Amended Complaint does not contain "a short and plain statement of the grounds for the court's jurisdiction" as required.  *See* Fed. R. Civ. P. 8(a)(1).  Moreover, the Amended Complaint does not adequately reflect that this Court has subject matter jurisdiction.  Because Plaintiff alleges that he and Defendant are both residents of Florida (Doc. 6 at 4), it appears that this Court

lacks diversity jurisdiction.  *See* 28 U.S.C. § 1332(a)(1).  The Amended Complaint references either 28 U.S.C. § 1330 or 28 U.S.C. § 1333 as a basis for federal question jurisdiction.[1]  (Doc. 6 at 4.)  However, 28 U.S.C. § 1330 provides that district courts shall have original jurisdiction in certain actions against foreign states, and 28 U.S.C. § 1333 provides that district courts shall have original jurisdiction in certain civil cases of admiralty or maritime jurisdiction.  Neither appears applicable to this case.  Thus, the Amended Complaint does not adequately allege subject matter jurisdiction.

Additionally, it remains unclear what causes of action Plaintiff attempts to bring and what specific relief he seeks.  The Amended Complaint is a fill-in-the-blank form complaint that, like the initial Complaint, is completely lacking in any factual matter that could even liberally be construed to support a claim for relief.  For example, in the "statement of claim" section of the form, Plaintiff states only, "When I [sic] convicted I told the Judge that this was going to destroy me and it has."  (Doc. 6 at 5.)  As for the relief he seeks, Plaintiff states only, "I can't get a driver lisense [sic] and can not go to work."  (*Id.* at 6.)  Although the caption names the United States as Defendant, the body of the Amended Complaint names only Putnam County Court Judge Joe Boatwright as a Defendant.  (*Id.* at 2.)  Plaintiff

---

[1] It appears Plaintiff changed 28 U.S.C. § 1330 to 28 U.S.C. § 1333, or the other way around.  It is impossible to discern from Plaintiff's handwriting which statute Plaintiff intended to write.  Either citation, however, would be insufficient to provide a basis for federal question jurisdiction.

provides no additional factual allegations.  It is therefore impossible to discern what relief Plaintiff is requesting from the Court, or the basis therefor.

Plaintiff was instructed that if he failed to file an amended complaint in compliance with the previous Order, "the undersigned will likely recommend that the District Judge deny the IFP Motion and dismiss this action without prejudice." (Doc. 5 at 5.)  Therefore, because the Amended Complaint fails to properly allege jurisdiction, state a claim upon which relief may be granted, or otherwise comply with Federal Rule of Civil Procedure 8, the undersigned recommends that the Motions be denied and the case be dismissed without prejudice.

Accordingly, it is respectfully **RECOMMENDED** that:

1.      The IFP Motions (**Docs. 3 & 7**) be **DENIED**.

2.      The case be **DISMISSED without prejudice**.

3.      The Clerk of Court be directed to terminate any pending motions and close the file.

**DONE AND ENTERED** at Jacksonville, Florida, on February 3, 2017.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable Marcia Morales Howard
United States District Judge

Pro Se Plaintiff